IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Christopher Doville, | ) | Case No.: 0:21-1684-JD-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Col. Q. Grant; Deputy Major Robinson; | ) | |
| Sergeant B. Bush; LCPL Jesse Scott; | ) | |
| Beaufort County Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States

Magistrate Paige J. Gossett ("Report and Recommendation" or "Report"), made in accordance

with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]

Christopher Doville ("Doville" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this

action against Col. Q. Grant, Deputy Major Robinson, Sergeant B. Bush, LCPL Jesse Scott, and

Beaufort County Detention Center (collectively "Defendants") alleging violations of his civil

rights pursuant to 42 U.S.C. § 1983.  (DE 1.)

Although the Court authorized service in its order issued August 13, 2021, this order was

returned as undeliverable, indicating that the Plaintiff had been released from the Beaufort County

Detention Center ("Detention Center").  (DE 17-1.)  Approximately two months have elapsed since

the Court's order was received and returned by the Detention Center.  The Plaintiff has failed to

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

comply with the Court's order instructing him to keep his address up to date. (DE 6, p.2) As a result, the Court has no means of contacting the Plaintiff, and by failing to keep the Court apprised of his current address, the Plaintiff has failed to prosecute his case. The Report and Recommendation was issued on October 14, 2021, recommending the case be dismissed with prejudice. (DE 29.)

Plaintiff has failed to file an objection to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that this action be dismissed with prejudice for lack of prosecution.

 **IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
December 10, 2021

2

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days

from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.